Abdolreza Mazaheri, Esq.
Sethi & Mazaheri, LLC.
344 Grove Street, #111
Jersey City, NJ 07302
Telephone: (646) 405-9846
Fax: (201) 595-0957
Bar #:AM0901

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| , <br><br> Plaintiffs, <br><br> v. | **CIVIL ACTION NO.** <br><br> **PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **1:25-cv-03769-JMF** |
|  | |



Defendants.

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs ▮▮▮▮ and ▮▮▮▮ ("Plaintiffs" or "Mr. ▮▮▮▮" or "Ms. ▮▮▮▮"), through undersigned counsel, allege as follows:

## I. PRELIMINARY STATEMENT

1. This matter relates to the denial of Mr. ▮▮▮▮ I-130 petition [Receipt # ▮▮▮▮] to classify his wife, Ms. ▮▮▮▮ (A▮▮▮▮), as the spouse of a U.S. citizen (USC) under section 20l(b)(2)(A)(i) of the Immigration and Nationality Act (INA) and the subsequent dismissal of an appeal by the Board of Immigration Appeal (BIA).

2. Plaintiffs were married on June 15, 2016 in New York, NY. Mr. ▮▮▮▮'s I-130 petition for his wife was received by USCIS on August 18, 2017. Plaintiffs continue to be happily married.

3. The denial of the aforementioned I-130 petition and the subsequent dismissal of the appeal by the BIA after a *de novo* review of the record are based on the finding that prior to her marriage to Mr. ▮▮▮▮, Ms. ▮▮▮▮ had entered into a marriage with a United States citizen for the purpose of evading immigration laws.

2

4. Ms. ▮ is currently in removal proceedings and has filed an application for asylum due to her fear of returning to Iran.

5. This action is brought against the Defendants for declaratory judgment, injunctive relief, and review of an agency action under the Administrative Procedure Act ("APA") based on Defendants' unlawful, arbitrary, and *ultra vires* denial of Plaintiffs' I-130 Petition.

## II.   STATEMENT OF FACTS

6. Ms. ▮ was born in Iran on ▮ and was admitted to the United States on an F-1 student visa on or about August 30, 2007. She attended a post-graduate program at the University of South Florida from the fall of 2007 to the spring of 2010.

7. Ms. ▮ first met her ex-husband, ▮, in March of 2009 while attending the South by Southwest music festival in Austin, Texas. Ms. ▮ was attending the event with her sister, ▮ ("▮"), who was a student at the University of Texas at Austin at the time. Mr. ▮ was also a student at the University of Texas at Austin.

8. ▮ helped introduce Mr. ▮ to Ms. ▮ at the music festival and later helped to facilitate their early relationship, as she held Mr. ▮ in high moral and intellectual regard.

9. Ms. ▮ returned to Florida soon after, but she continued her relationship with Mr. ▮ over long-distance. About a year later, during one of Ms. ▮ visits to Texas to see Mr. ▮ and her family, Mr. ▮ proposed to her.

3

███████ accepted and moved into Mr. █████ residence at ████████████, Austin, TX 78753 shortly after in March of 2010.

10. They were then married by Ms. ████████ sister on ██████████. Ms. ████████ sister was authorized to officiate Ms. ████████ marriage, as she was officially welcomed into the Universal Life Church Ministry as a legally ordained minister on March 21st, 2010, the day before she officiated Ms. ████████ wedding.

11. On or around June 29th, 2010, Ms. ████████ received a letter from Columbia University informing her that she had been accepted into their highly prestigious graduate program for the fall semester. After discussing with her husband, she then moved to New York in July to attend the program, with the understanding that he would follow after completing his own studies.

12. Unfortunately, due to sudden changes in Ms. ████████ financial circumstances, she was forced to leave the program in September of 2010. Upon her return to Texas, Ms. ████████ moved in with her husband at his residence at ████████████.

13. On November 1st, 2010, Ms. ████████ filed Form I-485, application to register permanent residence or adjust status, seeking to have her immigration status adjusted to that of an alien lawfully admitted for permanent residence pursuant to Section 245 of the Immigration and Nationality Act (INA), based on a Petition for an Alien Relative, Form I-130, that was concurrently filed on her behalf by Mr. █████.

14. Ms. ████████ and Mr. █████ appeared for their adjustment of status interview on July 6th, 2011 before a USCIS officer. After the interview had concluded, despite some discrepancies in the couple's testimonies, Ms. ████████'s I-130 petition was approved and she obtained conditional permanent resident status.

15. Later that year, Ms. ▓▓▓ was accepted into the graduate program at the Stevens Institute of Technology. After discussing the opportunity with Mr. ▓▓▓, Ms. ▓▓▓ decided to move to New Jersey to continue her academic pursuits, again with the understanding that Mr. ▓▓▓ would follow her in the future. However, while pursuing her academic studies in New Jersey, Ms. ▓▓▓ discovered that her husband had entered into a relationship with another woman. Despite making genuine efforts to reconcile, Ms. ▓▓▓ filed for divorce in October of 2012.

16. In October 2012, USCIS field officers visited the residence and workplace of Mr. ▓▓▓ to inquire about the nature of his marriage to Ms. ▓▓▓.

17. On May 28, 2013, Ms. ▓▓▓'s lawful permanent resident status was rescinded by USCIS. The record shows that Ms. ▓▓▓ and Mr. ▓▓▓ never received a Notice of Recission from USCIS and therefore were not afforded an opportunity to respond.

18. Subsequently, Ms. ▓▓▓ hastily filed a *pro se* I-290B Notice of Motion or Appeal which was later denied.

19. On August 23, 2013, Ms. ▓▓▓ was placed in removal proceedings. These proceedings are currently pending.

20. Ms. ▓▓▓, who is an educated and successful woman, has suffered greatly as a result of being placed in removal proceedings and the prospect of being deported to the Islamic Republic of Iran.

21. In 2014, Ms. ▓▓▓ began dating her now husband, ▓▓▓, and they were married on June 15th, 2016. Mr. ▓▓▓ filed an I-130 petition for his Ms. ▓▓▓, which was received by USCIS on August 18, 2017. Ms. ▓▓▓ and her husband then appeared at the USCIS New York City Field Office on September 16th, 2021 for

their Stokes interview. Their I-130 petition was denied on May 16th, 2022 based on the allegation that Ms. ███████ had previously entered into a "sham" marriage. The bona fides of Ms. ███████ marriage to Mr. ███████ were not questioned.

22.     The record clearly shows that the Defendants ignored the mountain of favorable evidence, and the law and instead solely focused on discrepancies related to the co-habitation of Ms. ███████ with Mr. ███ when they rescinded Ms. ███████ lawful permanent residence.  The record further reveals that Defendant BIA failed to conduct a true and detailed *de novo* analysis of the entire record.

### III.     JURISDICTION

23.     This Honorable Court has subject matter jurisdiction over the claims alleged in this action under (1) 28 U.S.C. § 1331 (federal question jurisdiction), because Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq.* ("APA"), 8 U.S.C. § 1101, *et seq.* ("INA") (including 8 U.S.C. § 1182). This court may grant relief in this action under 5 U.S.C. §§ 553, *et seq.*, and §§ 701, *et seq.*; and 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act).

24.     This Honorable Court is not deprived of jurisdiction by 8 U.S.C. § 1252, INA § 242. *See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 688 (2001) (finding that INA § 242 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a narrower construction of the jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder,* 130 U.S. 827, 839 (2010). Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory

6

construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.,* at 839. *See also, Geneme v. Holder,* 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana's* citation to a presumption favoring judicial review of administrative action when a statute does not specify discretion.)

25. As this is an action challenging decisions by Defendants to deny Plaintiff's I-130 petition, which was arbitrary, capricious, and contrary to law and settled agency practice, this Court retains original jurisdiction under the APA and 28 U.S.C. § 1331, as well as for declaratory relief under 28 U.S.C. § 2201.

## IV. VENUE

26. Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(b)(1)(2) as this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred and Plaintiffs reside and are domiciled within this Court's jurisdiction.

## V. PARTIES

27. Plaintiff, ▒▒▒▒▒▒▒▒, a United States citizen, is the Petitioner in the I-130, the husband of Ms. ▒▒▒▒▒▒

28. Plaintiff, ▒▒▒▒▒▒▒▒, is the intended Beneficiary of the I-130 Petition filed by Mr. ▒▒▒▒▒▒.

29. ▒▒▒▒▒▒▒▒ is the ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒, who is named herein only is his official capacity, as well as his successors and assigns. He is charged with overseeing the operations of the Field Office which includes adjudication of I-130 petitions. He is further authorized to delegate certain powers and authority to subordinate employees of the Field Office.

7

30. ███████ is the ████████████████████████████████ and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.

31. ███████ is the ████████████████████████, and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with certain functions involved in the implementation of the INA and is further authorized to delegate such powers and authority to subordinate employees of the Federal Bureau of Investigation ("FBI"), which is an agency within the U.S. Department of Justice ("DOJ").

32. ███████ is the ██████████████████████████████████, who is named herein only in her official capacity, as well as her successors and assigns. She is generally charged with the implementation of the INA and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. USCIS is specifically assigned the adjudication of I-130 petitions.

33. ███████ is the ████████████████████████████ ████████ and this action is brought against her in her official capacity only, as well as her successors and assigns. Board of Immigration Appeals (BIA) is a branch of EOIR and has jurisdiction to review decisions of final action made by USCIS on I-130 petitions.

## VI.     EXHAUSTION OF REMEDIES

34. Plaintiffs have exhausted all administrative remedies before bringing this complaint. Specifically, Plaintiffs sought recourse before the BIA.

## VII.  CLAIMS FOR RELIEF

### Count I

**(APA Violation by DHS/USCIS/BIA of 5 U.S.C. § 701, *et seq.*)**

35. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

36. Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review. *See* 5 U.S.C. §702.

37. The APA requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See,* 5 U.S.C. § 706(2)(A).

38. Defendant USCIS's decision to deny Plaintiffs' I-130 petition was contrary to law, improper, and is reviewable under 5 U.S.C. § 702.

39. As a result of defendant USCIS's conduct, Plaintiffs are "suffering [a] legal wrong because of agency action" and are "adversely affected or aggrieved by [the] agency action," and therefore are entitled to judicial review of the revocation under 5 U.S.C. § 702.

40. Defendants' decision to deny Plaintiffs' I-130 petition despite the evidence in the record demonstrating that Plaintiff did not enter into a "sham" marriage with her ex-husband, is "arbitrary, capricious, an abuse of discretion, [and] otherwise not in accordance with law" and should be "held unlawful and set aside" under 5 U.S.C. § 706(2)(A) and (D).

## Count II

**(Injunctive Relief for Violation of the Administrative Procedure Act 5 U.S.C. § 705)**

41. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42. Pursuant to 5 U.S.C. § 705, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights of a plaintiff or plaintiffs pending the conclusion of review proceedings.

## VIII.   INJURIES TO PLAINTIFFS

43. Defendants' wrongful denial of Plaintiffs' I-130 petition interferes with their ability to live harmoniously as husband and wife in the United States and for Plaintiff ▇▇▇ to become a lawful permanent resident and eventually a United States citizen. Furthermore, the actions of the Defendants have created a genuine fear of Ms. ▇▇▇ removal to the Islamic Republic of Iran.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Honorable Court:

(1)   Declare that the denial of Plaintiffss I-130 is *ultra vires*, erroneous as a matter of law, arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law, and violates due process;

(2)   Issue an order directing Defendants to reopen and approve Plaintiffs' I-130 petition;

(3)   Issue an order directing Defendants to reopen, review, and complete processing of Plaintiffs' I-130 petition within a reasonable time set by this Court;

(4)     Grant such other relief as this Court deems proper under the circumstances; and

(5)     Grant attorney's fees, expenses and costs of court to Plaintiff, pursuant to the EAJA.

Respectfully submitted on this 14th day of April 2025.

By:     Abdolreza Mazaheri, Esq.
Sethi and Mazaheri, LLC
344 Grove Street, #111
Jersey City, NJ 07302
Tel: (646) 405-9846
Fax: (201) 595-0957
Email: mazaheri@sethimaz.com

*Attorney for Plaintiffs*