Abdolreza Mazaheri, Esq.
Sethi & Mazaheri, LLC.
344 Grove Street, #111
Jersey City, NJ 07302
Telephone: (646) 405-9846
Fax: (201) 595-0957
Bar #: AM0901

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ABC,**<br><br>Plaintiffs,<br><br>v.<br><br>**DEF,**<br><br>Defendants. | Case No. 1:25-CV-3769 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO FILE UNDER SEAL USING PSEUDONYMS AND WITH REDACTIONS**

Pursuant to Local Electronic Case Filing Rule 6.14, Plaintiffs hereby renew their motion to file under seal using pseudonyms and partially redacted.

**INTRODUCTION**

This matter relates to the denial of first Plaintiff's I-130 petition to classify his wife, the second plaintiff, as the spouse of a U.S. citizen (USC) under section 20l(b)(2)(A)(i) of the Immigration and Nationality Act (INA), and the subsequent dismissal of an appeal by the Board of Immigration Appeal (BIA). The denial of the aforementioned I-130 petition and the subsequent dismissal of the appeal by the BIA after a *de novo* review of the record are based on the finding that the non-citizen spouse and the intended beneficiary of the I-130 had previously entered into a marriage with a United States citizen for the purpose of evading immigration laws.

The noncitizen Plaintiff and the intended beneficiary of the I-130 is currently in removal proceedings and has filed an application for asylum due to her fear of returning to her native country.  If the complaint, its attachments, and the administrative record become available to the public, her asylum application, her political views about the regime in her home country, her political activities against the regime in her country, and detailed personal and identifying information about her and her current spouse will be easily available to persons and/or entities that pose a risk to the Plaintiffs.

## ARGUMENT

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (footnotes omitted). "Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. Cty. of Nassau,* 730 F.3d 156, 163 (2d Cir. 2013). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir. 1995). Once determined, the weight of the presumption is balanced against competing interests, which "include but are not limited to `the danger of impairing law enforcement or judicial efficiency' and `the privacy interests of those resisting disclosure.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 1049).  Here, Plaintiffs seek to hide information that from public viewing that may expose them to harm, and on balance, no public interest would justify its disclosure.

**I.     Good Cause Exists to Permit Plaintiffs to File their Complaint and related filings using pseudonyms and partially redacted.**

a.  The record contains detailed, sensitive and identifying information about Plaintiffs.

While the Complaint challenges the denial of the I-130 Petition by USCIS and the subsequent dismissal of the appeal by the BIA, the voluminous administrative record contains detailed information about the asylum application as well as biographic information about the Plaintiffs, including but not limited to home addresses, information, financial records, and information related to their associations. These details are necessary for this Court's consideration of their Complaint, and the need to redact them cannot be avoided by omitting them and failing to put them before the Court.

b. **Plaintiffs have a Clear and Strong Privacy Interest**

Plaintiffs' interest in preventing the public from viewing the most intimate details of their lives are particularly strong.  There is a pending asylum application which details their political views and her political activities.  Furthermore, the administrative record contains personal information that can be used for nefarious purposes.

c. **Any Need for Court Filings to be Public is Outweighed by Plaintiffs' Significant privacy interests.**

Courts have long recognized that there is a generalized interest in court filings being available to the public. But there is no specific need for the public to know the details of the private information Plaintiffs intend to rely on in support of their Complaint. These facts are of an extremely personal nature. They include information relating to their political beliefs and political activism.  Furthermore, the administrative record, which is necessary for the Court's

3

review of the Plaintiffs' claims in the Complaint, contains information that may be uses by a outside parties to discredit, disparage or harm the plaintiffs. Sealing the case and partially redacting information will in no way impair judicial efficiency or damage public interest.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court GRANT their Motion to Seal, allowing filings using pseudonyms and partially redacted.

Respectfully submitted on this May 14th, 2025.

                                        **/S/ Abdolreza Mazaheri**
                                        _____
                    By:    Abdolreza Mazaheri, Esq.
                            Sethi and Mazaheri, LLC
                            344 Grove Street, #111
                            Jersey City, NJ 07302
                            Tel: (646) 405-9846
                            Fax: (201) 595-0957
                            Email: mazaheri@sethimaz.com

                            *Attorney for Plaintiffs*