**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 16, 2026

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***Doe v. Bondi, et al.*, No. 25 Civ. 3769 (JMF)**

Dear Judge Furman:

This Office represents the Government in this action in which plaintiffs seek judicial review of the denial of a Petition for Alien Relative (Form I-130) by U.S. Citizenship and Immigration Services. Pursuant to Section 7 of Your Honor's Individual Rules and Practices in Civil Cases, we respectfully request that the Court permit the Government to file the certified administrative record ("CAR") under seal.

This Court previously granted plaintiffs' "request to proceed pseudonymously and to redact sensitive identifying information." ECF No. 8. The CAR is 875 pages, and nearly every one of those pages contains personally identifiable information relating to plaintiffs that would need to be redacted to comply with the Court's order permitting plaintiffs to proceed pseudonymously, which would require a significant expenditure of this Office's time, and likely require consultation with plaintiffs.[1] Further, plaintiffs have requested that the Government file the entire CAR under seal.[2] For these reasons, we respectfully request permission to file the CAR under seal and to relieve the Government of the requirement to file a redacted version on the docket. Alternatively, if the Court decides that, in addition to filing an unredacted CAR under seal, that a redacted version must be filed on the docket, the Government respectfully requests that plaintiffs' counsel be

[1] In general, administrative records and immigration cases are both exempt from the redaction requirements. *See* Fed. R. Civ. P. 5.2(b)(2). Further, under Federal Rule of Civil Procedure 5.2(c), access to documents filed on ECF in an immigration case is restricted to the parties and their attorneys, unless a court orders otherwise. Remote electronic access to nonparties/non-case-participants is limited to viewing the docket and accessing written dispositions and orders of the Court. The rule allows the general public to access the case documents at a courthouse terminal, but not remotely. The rule was adopted in response to section 205(c) of the E-Government Act of 2002, which directed the Supreme Court to promulgate rules "to protect privacy and security" concerns in e-filing (*see* Committee Notes on Rules – 2007). Nonetheless, here, the Court's order of May 21, 2025, ECF No. 8, requires that certain information be redacted from any document filed in this action.

[2] In accordance with Section 7(C)(i) of the Court's Individual Rules and Practices in Civil Cases, undersigned counsel has notified opposing counsel that counsel must file, within three business days of this letter, a letter explaining the need to seal the CAR.

required to mark the CAR for appropriate redactions.

We thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ *Jessica F. Rosenbaum*
JESSICA F. ROSENBAUM
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2777
jessica.rosenbaum@usdoj.gov

cc: Plaintiffs' counsel (by ECF)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 39.

SO ORDERED.

July 16, 2026